**Clarence WALKER, Petitioner–Appellant,**

v.

**Linda SANDERS, Respondent–Appellee.**

No. 10–55822.

United States Court of Appeals, Ninth Circuit.

Submitted Dec. 19, 2011.*

Filed Dec. 23, 2011.

Clarence Walker, San Jose, CA, pro se.

Steven Arkow, Michael J. Raphael, Esquire, Assistant U.S. Attorney, Office of The U.S. Attorney, Assistant U.S. Attorney, Esquire, USLA–Office of The U.S. Attorney, Los Angeles, CA, for Respondent–Appellee.

Before: GOODWIN, WALLACE, and McKEOWN, Circuit Judges.

MEMORANDUM **

Clarence Walker appeals pro se from the district court's judgment denying his 28 U.S.C. § 2241 habeas petition. We have jurisdiction under 28 U.S.C. § 2253, and we affirm.

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.

Walker contends that his 12–month period of home confinement should have been counted against his 40–month period of imprisonment. This argument lacks merit because the home confinement was imposed as a special condition of supervised release. *See* 18 U.S.C. § 3624(e) ("The term of supervised release commences on the day the person is released from imprisonment....").

Walker also contends that the Bureau of Prisons ("BOP") had a duty to contact the district court to resolve an ambiguity in the judgment. Because there was no ambiguity, the BOP had no such duty. *See United States v. 60.22 Acres of Land,* 638 F.2d 1176, 1178 (9th Cir.1980).

**AFFIRMED.**